IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CR-00249-DWA |
| | ) | |
| vs. | ) | |
| | ) | |
| LARNELL JONES, | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM ORDER**

## I. Introduction

Presently pending before the Court is Defendant Larnell Jones' Motion to Reconsider Detention Order and Release Defendant on Bond in Light of COVID-19 Pandemic (ECF No. 46). At the Court's direction, the Government has filed a Response in Opposition (ECF No. 48).

## II. Relevant Procedural History

On July 10, 2019, Defendant was charged in a one-count Complaint with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). After he was apprehended and taken into custody, the Government filed a Request for Detention. On July 22, 2019, a preliminary hearing was held and the Court found that probable cause exists to support a finding that the charged violation was committed by Defendant. A detention hearing was held on the same date and after hearing the evidence and arguments presented and considering the factors required by the Bail Reform Act, the Court granted the Government's request for detention. Defendant did not appeal the detention order and has been in pretrial custody since that time. Defendant was subsequently indicted on the charge in the Criminal Complaint and entered a plea of not guilty.

On March 20, 2020, Defendant moved for reconsideration of the order of detention.

**III.    The Detention Hearing and Basis for Detention**

The Government sought detention pursuant to 18 U.S.C. §§ 3142(e) and (f), asserting that no conditions will reasonably assure the safety of any other person or the community because Defendant is a danger to the community. The Request for Detention stated that the Government was entitled to a detention hearing because, among other things, Defendant, a convicted felon, was charged with a felony which involves the possession of a firearm.  The Government also asserted that there was a rebuttable presumption that no conditions would reasonably assure the safety of the community.

At the detention hearing on July 22, 2019, the Government presented evidence regarding the nature of the criminal violation with which Defendant has been charged.  According to the evidence presented, law enforcement observed Defendant, who had outstanding local warrants, standing on the porch of a residence.  When an officer approached him, he grabbed a dish towel and ran into and through the house.  As they chased him, the officer observed the green handle of a firearm protruding from the dish towel that Defendant was carrying.  By the time Defendant was apprehended, the towel was empty but a firearm with a green handle was found in a neighbor's adjacent yard.  Cocaine was also found in the yard and on Defendant's person.

When federal officers returned several days later to arrest him, Defendant stated after being given his *Miranda* rights that allegations that he had pistol-whipped a female were not true; rather, he only beat her with his hand.  He also admitted to a reputation of violence.

During the hearing, the Government also introduced evidence of Defendant's criminal history.  That history includes multiple state and federal firearm convictions and a felony drug conviction as well as the issuance of multiple bench warrants and non-compliance on supervision.

His non-compliance related to his arrest and conviction for a federal firearms violation while on supervised release for a federal firearms conviction.

At the conclusion of the presentations by the parties, the Court considered the factors required under the Bail Reform Act, 18 U.S.C. §§ 3142(g), and made findings on the record. Although Defendant did not appeal from and does not now contest the Court's findings with respect to these factors or the subsequent order of detention, the basis for the Court's findings will be briefly reviewed.

First, the Court found that that the Government met its burden to establish a presumption of danger to the community and that this presumption was not rebutted by the Defendant. (Official Transcript, ECF No. 31 at 28-31.)

The Court next turned to the four factors. As to the first factor, the nature and circumstances of the offense, the Court noted that Defendant, a convicted felon, was charged with the possession of a firearm, having already been convicted multiple times of possessing a firearm. In addition, when approached by a law enforcement officer, the Defendant grabbed his gun, chose to flee and then attempted to discard the weapon. Regarding the second factor, the Court found that the weight of the evidence was also significant, including Defendant's flight from a law enforcement officer and the fact that the gun with the green handle that was initially observed in his possession was found shortly thereafter in an adjacent neighbor's yard. The Court also reviewed the third factor, the nature and characteristics of the Defendant. This included Defendant's criminal history, including multiple convictions for firearms, and an admitted propensity for violence. Finally, with respect to danger to the community, the Court considered Defendant's history of firearms possession as a convicted felon and his admission of a recent assault upon a female. (ECF. No. 31 at 31-34.)

The Court also reviewed and considered the Pretrial Services Report, including its summary of Defendant's personal history, health, employment and criminal record as part of its decision. Pretrial Services recommended that Defendant be detained.

Having considered all of these factors, the Court found that by clear and convincing evidence, there are no conditions or combination of conditions that would reasonably assure the safety of the community, and ordered that Defendant be detained pending trial. (ECF No. 31 at 34.)

**IV. Analysis**

The Bail Reform Act provides for "temporary release" of a person in pretrial custody if a judicial officer determines that the release is necessary "for preparation of the person's defense or for another compelling reason." 18 U.S.C. §3142(i). Defendant seeks to be temporarily released from the Allegheny County Jail ("ACJ") because of his assertion that due to his conditions of hypertension, severe sleep apnea syndrome requiring a bi-level positive airway pressure machine ("BPAP") to sleep at night, and asthma, he is within the group of people most at risk for contracting COVID-19.[1] He argues that the emergence and spread of COVID-19 in Western Pennsylvania, coupled with his pre-existing conditions, meet the criteria for temporary release. He claims that the circumstances that existed when he was detained have changed, and there is a direct risk to him that is far greater if he continues to be detained during this public health crisis.

The Government opposes Defendant's motion. Among other things, it argues that Defendant is seeking an indefinite, rather than a temporary, release from custody. It also notes

---

[1] According to the Pretrial Services Report, Defendant did not indicate in July 2019 that he had asthma.

that Defendant has offered no details as to the custody arrangement he proposes and that no "extraordinary circumstances" exist that would compel his release.

The Government also sets forth in some detail the measures established at the ACJ to avoid a COVID-19 outbreak there, including but not limited to following the recommendations of the CDC and state and local health departments. (*See* ECF No. 48 at 9-12.) Nevertheless, the Court recognizes the potential for Defendant's exposure to the COVID-19 virus at the ACJ. Unfortunately, that potential exists anywhere in the community. In addition to the measures taken at the ACJ, this court and other local authorities have also taken necessary steps and precautions to help stop the spread of the COVID-19 virus in Allegheny County, including those individuals detained in the ACJ. As of the date of this order, the COVID-19 virus has not been detected at the ACJ.

Defendant has not met his burden to demonstrate the existence of compelling reasons that warrant his temporary release. First, he does not argue that the Court's prior findings regarding the danger to the community were in error. Moreover, he presents no proposed plan for a potential release. While he invites the Court to impose "whatever conditions it deems appropriate," and suggests that this could include home incarceration, notably, the efforts by Pretrial Services to confirm a release plan when he was originally detained were unsuccessful. Thus, there is no present indication that Defendant would have a place to reside, let alone that any such location would be a better or safer location than the ACJ for the health concerns he has expressed.

Additionally, there is no present indication that Defendant's medical needs are not being addressed at the ACJ. Moreover, while Defendant indicates that he suffers from hypertension, sleep apnea and asthma, and it is true that individuals with respiratory issues are at higher risk for COVID-19, his present health conditions are not sufficient to establish a compelling reason for

release given the danger to the community if he is released and the efforts being undertaken at the ACJ to combat the spread of the virus. *See, e.g., United States v. Davis,* No. 19-1604, Doc. No. 50 (3d Cir. March 20, 2020); *United States v. Willie Harris,* No. 18-152, Doc. No. 986, Mem. Order (W.D. Pa. March 20, 2020).

The Court is sympathetic to Defendant's medical concerns regarding possible complications caused by the COVID-19 virus. However, speculation at this point about what may, or may not, occur at the ACJ at some point in the future does not constitute a "compelling reason" for temporary release at this time.

Having carefully considered Defendant's motion and the Government's opposition, the Court concludes that Defendant's current health conditions and the potential for an outbreak of COVID-19 at the ACJ are not compelling reasons for his temporary release. As such, and given of the Court's finding that no condition or combination of conditions will reasonable assure the safe of the community if Defendant were released, the Motion to Reconsider Detention Order will be denied.

AND NOW, this 29th day of March, 2020, it is ORDERED that Defendant's Motion to Reconsider Detention Order and Release Defendant on Bond in Light of COVID-19 Pandemic is DENIED.

BY THE COURT:

/s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge